**Maurice OPARAJI, Plaintiff–Appellant,**

v.

**ATLANTIC CONTAINER LINE,
Defendant–Cross–Claimant–
Appellee,**

**Penbroke Marine Services,
Inc., Defendant–Cross–
Defendant–Appellee.**

No. 08–5522–cv.

United States Court of Appeals,
Second Circuit.

Feb. 2, 2010.

Maurice Oparaji, Rosedale, NY, pro se.

Paul M. Keane (Joseph DeMay, Jr., of counsel) Cichanowicz, Callan, Keane, Vengrow & Textor, L.L.P., New York, NY, for Atlantic Container Line.

Garth S. Wolfson, Mahoney & Keane, L.L.P., New York, NY, for Penbroke Marine Services.

PRESENT: PIERRE N. LEVAL,
RICHARD C. WESLEY, Circuit Judges,
JOHN GLEESON,* District Judge.

### SUMMARY ORDER

Appellant Maurice Oparaji, *pro se,* appeals the grant of the Appellees' motions for summary judgment by the United States District Court for the Southern District of New York (Lynch, *J.*), dismissing his complaint alleging breach of contract, defamation, and other state law claims, as well as the district court's denial of his motions for reconsideration and vacatur under Federal Rule of Civil Procedure 60(b). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

As a preliminary matter, because Oparaji fails to challenge on appeal the district court's dismissal of his claims apart from breach of contract, we deem those claims abandoned. *See LoSacco v. City of Middletown,* 71 F.3d 88, 92–93 (2d Cir.1995). Although we have jurisdiction to review the district court's order denying his two motions, Oparaji has not raised any substantive arguments on appeal with respect to those motions; we need not address the district court's order. *See id.*

---

* The Honorable John Gleeson, of the United States District Court for the Eastern District of New York, sitting by designation.

We review the grant of summary judgment *de novo* and inquire whether the district court properly concluded that there was no genuine issue as to any material fact and the moving party was entitled to judgment as a matter of law. *See Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir.2003). In determining whether there are genuine issues of material fact, we are "required to resolve all ambiguities and draw all permissible inferences in favor of the party against whom summary judgment is sought." *Terry v. Ashcroft*, 336 F.3d 128, 137 (2d Cir.2003)(internal quotation marks omitted).

Even construing, as we must, all the facts in Oparaji's favor, the district court properly granted the Appellees' motions for summary judgment. We affirm the district court's judgment for substantially the same reasons as those set forth in the court's thorough and well-reasoned opinion. We have considered Oparaji's remaining claims and find them to be without merit.

For the foregoing reasons, the judgment and order of the district court are hereby **AFFIRMED.**